

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00004-CR

_____

LIANDRO HERNANDEZ
AKA LIANDRO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A 19238-1209; Honorable Ed Self, Presiding

December 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Liandro Hernandez aka Liandro Hernandez, Jr., was convicted by a jury of sexual assault of a child.[1] Appellant entered a plea of true to the enhancement paragraph and the jury assessed punishment at

_____
[1]TEX. PENAL CODE ANN. § 22.011(a) (West 2011).

confinement for life and a $10,000 fine.[2]  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response to the *Anders* brief.  Neither did the State favor us with a brief.

---

[2]The trial court signed the judgment of conviction on December 18, 2012, and entered a *Judgment Nunc Pro Tunc* on January 3, 2013.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.  The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

By the *Anders* brief, counsel evaluates the sufficiency of the evidence, evidentiary rulings, the court's charge, the punishment assessed and concludes there are no meritorious issues to support this appeal. Neither does counsel present any arguable issues.

Appellant, nephew to the victim's mother's husband, lived with the victim's family for some months in early 2011. On Thanksgiving Day, the victim's mother discovered Appellant, who was in his early thirties, kissing her fifteen year old daughter. A few days later, the incident was reported to police.[5] The victim testified Appellant had sexually assaulted her several weeks before Thanksgiving. According to her, she did not report the assault to anyone because Appellant had threatened to sexually assault her younger sister if she told anyone.

At trial, the victim testified about being sexually assaulted but no physical evidence was presented. A conviction for sexual assault is supportable on the uncorroborated testimony of a child victim's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2013). *See also Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.).

During the punishment phase, the victim testified Appellant first approached her about engaging in sexual intercourse shortly after moving in with her family and when she denied his advances, he threatened to sexually assault her younger sister. She also testified about an incident in which Appellant grabbed her breasts. She testified Appellant's advances occurred weekly and she lost count of how many times they

---

[5]The victim's mother testified she and her daughter waited to report the incident until after their extended family had left so as not to upset Appellant's mother, who was ill. After giving their statements to the police, the victim was taken to the hospital for a SANE exam.

engaged in sexual intercourse after five times. Appellant also had the victim engage in oral sex.

The victim's mother testified she observed changes in her daughter after Appellant moved in with them. She was not affectionate, became angry, her grades dropped and she began cutting herself.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4