**Alton ALEXANDER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42485.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied Feb. 25, 1970.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the possession of marijuana; the punishment, five (5) years.

While fleeing from two officers of the Houston Police Department, appellant threw a bag from his automobile. The officers stopped, and recovered the bag. It was shown to contain leaf marijuana.

■ We overrule appellant's contention that the trial court erred in refusing to instruct a verdict of not guilty or erred in failing to charge on the law of circumstantial evidence. No objection to the charge appears in the record. Furthermore, appellant's initial ground of error does not comply with Article 40.09, section 9, Vernon's Ann.C.C.P., which states that each ground of error must be stated separately.

■ Appellant's second ground of error requires more consideration. He contends that he was deprived of the testimony of a certain witness. Special agent Hitt of the Federal Bureau of Investigation was called by the appellant in answer to a subpoena duces tecum. A statement was secured from him, which had been made by appellant to another agent of the Federal Bureau of Investigation in which he recites the reason he fled from the officers, and the brutality allegedly inflicted upon him after he was apprehended. The statement does not contain a denial of the elements of the offense. A report made by an agent of the Federal Bureau of Investigation was also admitted in which appellant gave names of the witnesses who saw the brutality claimed. Appearing with Hitt was a representative of the Department of Justice, a Mr. Butler, who asked, and received permission of the court to represent the witness.

When agent Hitt was asked by the State on voir dire what was the disposition of the matter which appellant had reported to them, Butler objected as follows:

"MR. WILLIAM BUTLER: The regulations of the Department of Justice, promulgated by the Attorney General under Paragraph 16, Title 28 of the Code of Regulations, the Code of Regulations provides that no information in the possession of the Department of Justice can be given without the specific approval of the Attorney General. On the receipt by Mr. Hitt of the subpoena this morning, he contacted his superiors in Washington and contacted our office, the U. S. Attorney's Office. I, in turn, contacted my superiors in the Department of Justice who authorized me to speak on behalf of the Attorney General, as follows:

It was decided that we would reveal from the files of the Federal Bureau of

Investigation, the statements made by the defendant, but no other information in those files could be revealed.

I respectfully, then, ask the Court to instruct the witness that he does not need to answer the question.

THE COURT: You do not need to answer the question."

Later in his examination of agent Hitt, appellant asked the same question, and received the same objection and ruling by the court. When appellant later asked for further details from agent Hitt of the outcome of such investigation, the court overruled the request.

We have before us, for the first time, as we know it, the question of the authority of the Attorney General of the United States to restrict certain portions of the files of the Federal Bureau of Investigation in a state criminal trial.

The State relies on United States ex. rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417. In that case, the Supreme Court of the United States had before it the question of the right of a state prisoner to secure the records of the Federal Bureau of Investigation. The United States Attorney made an objection similar to the one we have before us. In an exhaustive opinion with the concurrency by Mr. Justice Frankfurter, the Court, speaking through Mr. Justice Reed, held that an agent of the Federal Bureau of Investigation might lawfully decline to answer questions in reliance upon the instructions of the Attorney General of the United States. Such authority is here controlling. In view of this holding, we need not pass upon the question of whether such testimony would have been helpful to appellant to show bias of the arresting officers toward him.

Finding no reversible error, the judgment is affirmed.