# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00805-CR

**Armando Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. CR-10-1086, THE HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Armando Hernandez guilty of continuous sexual abuse of a young child for sexually abusing his granddaughter, E.H., *see* Tex. Penal Code § 21.02(b), and assessed his punishment at life without parole in the Texas Department of Criminal Justice, *see id.* § 21.02(h).[1]  On appeal, appellant complains about ineffective assistance of counsel and the admission of certain expert testimony.  We affirm the trial court's judgment of conviction.

---

[1]  The jury heard evidence that appellant perpetrated various sexual acts against E.H. on numerous occasions beginning when she was nine and ending when she was 12.  E.H. testified that appellant would "grab" and "lick [her] boobs," "put his finger inside [her] vagina," "lick [her] vagina," "put his finger in [her] butt inside [her] butthole," "put his penis inside [her] mouth," masturbate in front of her, lay on top of her and "rub his penis back and forth against [her] vagina," "rub his penis against [her] butt, touching her butthole but not poking it," make her masturbate him, take pictures of her in lingerie, and show her pornographic videos.  Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.1, 47.4.

## DISCUSSION

### Ineffective Assistance of Counsel

In his first point of error, appellant contends that his trial counsel rendered ineffective assistance by failing to follow proper procedures to obtain favorable evidence in support of his defense. Specifically, appellant asserts that his counsel's failure to follow federal regulations to obtain the testimony of Dr. Oliver Bernhardt, appellant's treating psychiatrist at the VA hospital, constituted ineffective assistance.[2]

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient

---

[2] Pursuant to its authority under 5 U.S.C. § 301, the Department of Veterans Affairs (VA) has promulgated regulations restricting the circumstances in which VA employees may be called to testify and the scope of their testimony in matters that do not involve the federal government as a party. *See* 38 C.F.R. §§ 14.800–.810; *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951); *Alexander v. State*, 450 S.W.2d 70, 71–72 (Tex. Crim. App. 1970). A VA employee may provide testimony or produce VA records in legal proceedings only as authorized in accordance with the regulations and only as authorized by a determining official. *See* 38 C.F.R. § 14.803. Such testimony or records must be sought through the process provided in the regulations. *See* 38 C.F.R. §§ 14.800, .806.

performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

In this case, appellant relies on the limited record from the trial concerning trial counsel's attempts to procure Dr. Bernhardt's attendance at trial. The record demonstrates that trial counsel caused a subpoena for Dr. Bernhardt to be issued and served.[3] In response, counsel received correspondence from and had communications by phone with attorneys from the VA indicating that as a federal employee Dr. Bernhardt was immune from state subpoena unless permission was granted by the VA officials. To attempt to secure such permission, trial counsel was directed to submit an

---

[3] It appears that the subpoena was both a subpoena to secure Dr. Bernhard's testimony as a witness at trial as well as a subpoena *duces tecum* to obtain appellant's medical records from the VA.

3

affidavit detailing "the nature of the legal proceedings, the nature and relevance of the information being sought, that [Dr. Bernhardt's testimony] will be fact related only, [and] that [Dr. Bernhardt] would not be expected to provide an expert opinion." The correspondence in the record reflects that such an affidavit was necessary in order for VA officials "to determine whether VA personnel (Dr. Bernhardt) may be interviewed, contacted, or used as witnesses." Trial counsel did not submit such an affidavit, and upon learning during trial that "the VA will not make Dr. Bernhardt available to testify in this matter," sought and secured a writ of attachment from the trial court. An Assistant United States Attorney from the United States Attorney's Office of the Western District of Texas appeared on behalf of the VA and filed a motion to quash the writ of attachment and the subpoena *duces tecum*. The issue concerning the subpoena *duces tecum* was rendered moot by the fact that the VA supplied appellant's trial counsel with the medical records sought. In response to the U.S. Attorney's motion concerning Dr. Bernhardt's appearance as a witness, the trial court quashed the writ of attachment but denied the request to quash the subpoena for Dr. Bernhardt.

When the trial court made its ruling, appellant's trial counsel offered his concerns about disclosing confidential information as his reason for not providing the requisite affidavit.[4] Beyond that limited general explanation made during the course of trial, however, the record is silent as to why trial counsel opted not to submit the requisite affidavit in order to attempt to secure permission from the VA for Dr. Bernhardt to appear in court to testify on appellant's behalf.

---

[4] Counsel asserted his position that part of a defendant's Sixth Amendment right to effective assistance of counsel is "that defense is not required or shouldn't be required to disclose trial strategy, the internal things, anticipated defenses to anybody in the government, federal or state, prior to trial." He expressed his concern "in disclosing by sworn affidavit why [he] needed Dr. Bernhardt's testimony, what [he] would be asking, that sort of thing."

4

Contrary to appellant's contention, we do not find the record before this Court sufficiently developed to allow us to evaluate the supposed deficient performance of counsel in failing to follow the federal procedures to try to obtain the doctor's testimony because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claims of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. We disagree that the failure to procure and present Dr. Bernhardt's testimony because counsel was "uncomfortable" providing the requisite affidavit (as appellant characterizes trial counsel's failure), under the circumstances presented in this record, constitutes an affirmative demonstration of deficient performance. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("[C]ounsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."); *see also Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013) ("[C]ounsel's alleged deficiency must be affirmatively demonstrated in the trial record.").

We also disagree with appellant that the complained-of failure alone, with the limited explanation provided during trial, compels a conclusion that trial counsel's performance was deficient. We cannot say that "no reasonable trial strategy could justify" counsel's decision to decline to submit the requisite affidavit disclosing confidential information on the remote chance that he might possibly obtain permission to subpoena a federal employee.[5] *See Lopez*, 343 S.W.3d at

---

[5] For example, we find it possible, and reasonable strategy, that trial counsel—after repeated communications with the VA lawyers—determined that the chance of securing permission from VA officials for Dr. Bernhardt to testify on appellant's behalf was extremely slight and did not warrant the disclosure of confidential information, possibly in violation of the Texas Rules of Disciplinary Conduct. *See* Tex. Disciplinary R. Prof'l Conduct R. 1.05, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9) (addressing lawyer's duties with respect to client's confidential information and prohibitions on disclosure of such information).

143. Nor can we conclude that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 592. Accordingly, we find that appellant has failed to demonstrate deficient performance on the part of his trial counsel. *See Frangias v. State*, --- S.W.3d ---, No. PD-0728-12, 2013 WL 10050672, at *8 (Tex. Crim. App. Feb. 27, 2013) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'") (quoting *Goodspeed*, 187 S.W.3d at 392).

Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *Lopez*, 343 S.W.3d at 144; *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). Nevertheless, we also find that appellant failed to demonstrate that he suffered prejudice.

To prove prejudice, the appellant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial

6

were of questionable competence. *Lopez*, 343 S.W.3d at 142–43. Further, merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Appellant has failed to meet his burden to show prejudice in several regards. First, the record reflects—and appellant concedes in his brief—that even had trial counsel followed the federal procedures and submitted the sworn affidavit, there was no guarantee that the VA officials would grant permission for Dr. Bernhardt to testify on appellant's behalf at trial.

Second, even had trial counsel obtained permission for Dr. Bernhardt's appearance at trial, nothing in the record demonstrates that the doctor would have been allowed to testify as trial counsel wanted. At trial, appellant's counsel explained that he sought Dr. Bernhardt's testimony because such testimony would be "favorable to the defendant regarding his mental status, both at the guilt-innocence phase and at any sentencing phase." In particular, he wanted the doctor to testify about "how a person with [appellant's] condition or conditions and diagnoses might handle the stress or the difficult circumstances of an interrogation and how he might have issues regarding his memory." However, such opinions are not necessarily within the purview of appropriate testimony of a federal employee—even had the VA granted permission for Dr. Bernhardt to testify—as such opinions would likely constitute expert or opinion testimony forbidden by the federal regulations. *See* 38 C.F.R. § 14.808(a) ("VA personnel shall not provide, with or without compensation, opinion or expert testimony in any legal proceedings concerning official VA information, subjects or activities, except on behalf of the United States or a party represented by the United States Department of Justice."); *see, e.g.*, *Thuesen v. State*, No. AP-76,375, 2014 WL 792038, at *37 (Tex.

7

Crim. App. Feb. 26, 2014) (VA authorized treating psychiatrist to testify in accordance with federal regulations so long as testimony was limited to contents of appellant's medical records and was not opinion or expert testimony; opinions documented in medical records were available, but opinions outside records were not). Appellant maintains in his brief that "beyond the question of [appellant's] ability to form the intent" to sexually abuse his granddaughter, the doctor's testimony would have "exposed [the jury] to the truth about appellant's medical and psychological history and prognosis, which may well have led to a lesser sentence." He asserts that "had the evidence from the VA been properly interpreted by a medical professional from the treating facility, there is a reasonable probability that the outcome would have been different." However, he has made no showing that such "interpretations" would have been testimony Dr. Bernhardt could have provided under the limitations of the federal regulations, even if he had been permitted to appear to testify at trial.

Appellant has failed to show that had counsel followed the federal regulations and procedures, he would have gained permission from VA officials for Dr. Bernhardt to testify. Nor has appellant shown that had he gained such permission and secured the doctor as a witness, Dr. Bernhardt would have been able to provide the testimony appellant sought. Thus, appellant has failed to show a reasonable probability that but for trial counsel's failure to follow the federal procedures to attempt to gain permission for Dr. Bernhardt to testify as a witness at his trial, the outcome of the case would have been different. Appellant's conclusory arguments fail to satisfy his burden under *Strickland's* prejudice prong.

Moreover, the "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from

8

their testimony." *Perez*, 310 S.W.3d at 894 (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Accordingly, a claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004).

Here, appellant fails to demonstrate that the doctor was an "available" witness. In fact, the record demonstrates otherwise. The record reflects that Dr. Bernhardt was out of town, and thus unavailable, at the time of trial. Further, appellant fails to show that Dr. Bernhardt's testimony would have been beneficial to him. In his brief, appellant notes that the anticipated testimony of Dr. Bernhardt "was represented by trial counsel to be beneficial to appellant's cause at both phases of trial." However, other than counsel's assertions at trial and appellant's characterization of the doctor's testimony in his brief as "favorable evidence," there is no evidence of what the doctor's testimony would have been. Appellant relies on medical records and appellate counsel's affidavit attached to his motion for new trial. However, neither of these documentary items reflects the content of the proposed testimony of Dr. Bernhardt. There is simply no evidence in the record of what the substance of the doctor's testimony would actually be, let alone that appellant would have benefitted from it.

On the record before us, appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the failure to follow federal procedures in an attempt to procure Dr. Bernhardt's testimony. Thus, he has not shown himself

9

entitled to reversal based on ineffective assistance of counsel. Accordingly, we overrule appellant's first point of error.

## Expert Testimony

In his second point of error, appellant maintains that the trial court erred in overruling his objection to certain questions propounded to Melissa Rodriguez, the forensic interviewer from the children's advocacy center who conducted the interview of E.H., that purportedly elicited her opinion concerning E.H.'s truthfulness.

"Direct opinion testimony about the truthfulness of another witness, without prior impeachment, is inadmissible." *Lopez*, 343 S.W.3d at 140–41. Thus, the State may not elicit expert testimony that a particular child is telling the truth, or that child complainants as a class are worthy of belief. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *Sandoval v. State*, 409 S.W.3d 259, 291 (Tex. App.—Austin 2013, no pet.); *see Pavlacka v. State*, 892 S.W.2d 897, 903 n.6 (Tex. Crim. App. 1994). Nor may an expert offer an opinion on the truthfulness of a child complainant's allegations. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Sandoval*, 409 S.W.3d at 291. However, expert testimony that a child did not exhibit indications of coaching or manipulation does not constitute a direct opinion on the child's truthfulness. *See Schutz*, 957 S.W.2d at 73; *Cantu v. State*, 366 S.W.3d 771, 777–78 (Tex. App.—Amarillo 2012, no pet.); *Chavez v. State*, 324 S.W.3d 785, 788–89 (Tex. App.—Eastland 2010, no pet.); *Rushing v. State*, No. 09-08-00396-CR, 2010 WL 2171628, at *5 (Tex. App.—Beaumont May 26, 2010) (mem. op., not designated for publication), *aff'd*, 353 S.W.3d 863 (Tex. Crim. App. 2011); *Darling v. State*, 262 S.W.3d 920, 924 (Tex. App.—Texarkana 2008, pet. ref'd).

On direct examination, Rodriguez testified about what she looks for during an interview as indications that a child has been coached. She explained that the interview process and the questions formulated are designed to ensure that the information is coming from the child and not an external source or the influence of another person. She indicated that certain things, such as a child's ability to recount sensory details of the abuse, assist her in distinguishing between a child disclosing something coming from the child's memory and a child "being told to repeat a story." During cross examination, appellant's counsel elicited testimony from Rodriguez confirming that part of the interviewer's role in the forensic interview process is to ascertain whether a child making an outcry of sexual abuse is being coached or manipulated.[6] On redirect examination, appellant objected when Rodriguez was asked whether "what [E.H.] told [her] and the way she told [her] was consistent with a child recalling from their own memory." The trial court overruled the objection. Appellant then objected to the next question asking the interviewer whether she "pick[ed] up on any of those cues that [she] see[s] when [she was] seeing a rehearsed story be[ing] given." Again, the trial court overruled the objection.

We see no abuse of discretion in the trial court's overruling of the objections to the complained-of questions. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) ("A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion

---

[6] Specifically, the following exchange occurred:

Q.  You are not here to testify that the sexual abuse occurred in this case, are you?

A.  I'm here to testify about when a child says sexual abuse has happened, how we distinguish between those children who are consistent in telling what's happened and children who are simply being told what to say . . . .

11

standard and will not be reversed if it is within the zone of reasonable disagreement."). Based on Rodriguez's direct-examination testimony about the interview process being designed to ensure that the information gathered during the forensic interview comes from the child and not an external influence, the trial court reasonably could have considered the propounded questions to inquire about indications of coaching or manipulation, a permissible inquiry, rather than seeking the interviewer's opinion of E.H.'s truthfulness. *See Cantu*, 366 S.W.3d at 778 (testimony did not convey interviewer's opinion as to whether child was telling truth; testimony indicated only that interviewer believed allegations came from child rather than from someone telling child what to allege); *Charley v. State*, No. 05-08-01694-CR, 2011 WL 386858, at *4–5 (Tex. App.—Dallas Feb. 8, 2011, no pet.) (mem. op., not designated for publication) (expert was not asked and did not testify that child was telling truth; testimony was that child was able to provide sensory details which was important because she would not have been able to do so had she been coached); *Reynolds v. State*, 227 S.W.3d 355, 366 (Tex. App.—Texarkana 2007, no pet.) (expert's testimony was appropriate because she explained how she interviews children and that she saw no indications that child had been coached).

Here, the propounded questions did not call for Rodriguez's opinion of whether E.H. was truthful in her allegations, but only whether E.H.—and not someone else—was the source of the allegations. The correctness of the trial court's ruling was borne out by the answers to the questions, which reflect that Rodriguez felt that E.H. was the source of the information and was not being coached or manipulated: she first stated that E.H. "was giving relevant information that came from memory" and then indicated that she did not see any of the "red flags" normally seen when a

12

child is being coached. The complained-of questions did not call for testimony that directly commented on E.H.'s credibility or truthfulness, and no such testimony was given. We overrule appellant's second point of error.

## CONCLUSION

Having overruled appellant's two points of error, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   January 30, 2015

Do Not Publish

13