NO. 07-10-00248-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
APRIL 11, 2012
--------------------------------------------------------------------------------

 
 RUBEN CANTU, JR., APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2009-422,143; HONORABLE JIM BOB DARNELL, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 OPINION
 
 Appellant Ruben Cantu, Jr. appeals from his convictions on two counts of indecency with a child and the resulting consecutive sentences of forty years of imprisonment. He presents two issues. We will affirm.
 Background 
 Appellant was charged by indictment with five counts of aggravated sexual assault of a child, alleging he caused the sexual organ of the victim to contact his sexual organ. The counts were identical, except for the on-or-about dates which, in the five counts, were the sixth days of February, March, April, May and June 2008. Appellant was tried only on the counts alleging offenses occurring in February and June 2008. The indictment also included an enhancement paragraph setting forth appellant's previous felony conviction for unauthorized use of a motor vehicle. He pleaded not guilty and the case was tried to a jury.
 Appellant lived with the child complainant's mother from September 2006 through June 6, 2008. The child lived with her grandparents most of the time but spent every other weekend with her mother and appellant. At the time the abuse was reported, the child was eight years old.
 The child's mother testified that on June 6, 2008, the child went in the car with appellant to run a business errand. The child testified that after the errand, appellant drove her to a dirt road where, she said, they "did it." She later said by that phrase, she meant, "Like we took off our pants and I sat on him." On further questioning, she elaborated, telling the jury she was wearing shorts and took one leg out of her shorts. He, while sitting in the driver's seat, then took off his pants and told the child to sit on his lap facing him. The child said appellant kissed her and put his "private part" next to her "private part." He rubbed himself on her. She said appellant was wearing a condom and that he threw it out the window. The child testified similar incidents occurred on several other occasions. 
 The child told her mother about the incident later on June 6 and gave a statement to police. She described the road where appellant took her. From the eight-year-old's description of the dirt road, Lubbock County Sheriff's Office deputies identified the county road, searched it on foot, and found a used condom and a condom wrapper. DNA analysis showed appellant was the contributor of semen in the condom found on the dirt road. 
 The child was examined by a sexual assault nurse examiner ("SANE"). Both the SANE nurse and an interviewer at the Children's Advocacy Center testified the child related to them the same events, as well as other instances of abuse by appellant.
The child also testified to other instances of sexual contact with appellant. She told the jury of an incident that she said occurred in the dining room of her mother's home while other family members were asleep. She said appellant reached in his pants, "moved his private," then sat the child on his lap facing him. Appellant moved her "back and forth" while both were clothed. 
The child told of another incident in which she said appellant had her take off all her clothes. He also was naked, and they laid on the bed. She said she sat on top of appellant, and he told her to move while he "was just sitting still." Asked what parts of her body were touching appellant on that occasion, she answered, "My private against his private." The child also testified that she watched "sex movies" with appellant. 
 Appellant testified at trial, denying the allegations against him. He was adamant that he did not see the child on June 6, 2008. He explained the condom by telling the jury the child's mother performed oral sex on him that morning, kept the condom they used, and must have planted it on the dirt road. Appellant said the child's mother was angry because she knew he was about to leave her for another woman, and argued she had coached the child to accuse him. 
 The court's charge to the jury authorized conviction on the indicted offenses of aggravated sexual assault and on the lesser-included offense of indecency with a child. The jury convicted appellant on the lesser-included offense in both counts, and punishment was assessed as noted. This appeal followed.

 Analysis
Sufficiency of the Evidence
 In appellant's first issue, he argues the evidence was insufficient to sustain a conviction of the lesser-included offense of indecency with a child. We disagree.
 In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1970); Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010). This single standard requires the reviewing court to determine whether, considering all evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. Id. at 899 (citing Jackson, 443 U.S. at 319). We defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony because the jury is the sole judge of those matters. Id.
 The elements of the offense are to be defined by the hypothetically correct jury charge which, for that particular case, "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).
 Section 21.11 of the penal code provides that a person commits the offense of indecency with a child if, "with a child younger than seventeen (17) years of age and not his spouse, whether the child is of the same or opposite sex, he engages in sexual contact with the child or causes the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a)(1) (West 2010). Section 21.11 defines sexual contact to include the following acts, if committed with the intent to arouse or gratify sexual desire: (1) any touching by a person, including touching through clothing, of any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with any part of the genitals of a person. Tex. Penal Code Ann. § 21.11(c) (West 2010).
 The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. Soto v. State, 267 S.W.3d 327, 332 (Tex.App.--Corpus Christi 2008, no pet.). The courts will give wide latitude to testimony given by child victims of sexual abuse. Villalon v. State, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990) (en banc). The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult. Soto, 267 S.W.3d at 332. Corroboration of the victim's testimony by medical or physical evidence is not required. Id. at 332; Ozuna v. State, 199 S.W.3d 601, 606 (Tex.App.--Corpus Christi 2006, no pet.).
Appellant's evidentiary insufficiency argument focuses on the jury's choice to convict him, on each count, of the lesser offense of indecency with a child rather than the indicted offense of aggravated sexual assault. He contends that to make such a choice the jury must necessarily have rejected some aspects of the complainant's testimony. From that contention appellant then reasons that, taking those necessarily-rejected aspects into account, there is insufficient evidence to support a conviction on the lesser offense. In other words, appellant argues the jurors could not have found the complainant's testimony entirely credible or they would have convicted him of the indicted offense. 
Count I of the indictment alleged the June 2008 offense. The court's charge to the jury on guilt-innocence contained typical language at the end of the application paragraph for Count I, instructing the jury, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated sexual assault in Count I of the indictment, and you will next consider if the defendant is guilty of the lesser offense of indecency with a child in Count I." After the application paragraph for the lesser-included indecency with a child offense for Count I, the charge contained a "benefit of the doubt" instruction, followed by the instruction that the jury must acquit the defendant and "say by your verdict `Not Guilty' as to Count I" if they had a reasonable doubt as to whether the defendant was guilty of any offense defined in the charge as to Count I of the indictment. The charge then instructed the jury to proceed to Count II, which was described with paragraphs similar to those for Count I. 
An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, or if it differs from the offense charged only in that a less culpable mental state suffices to establish its commission. Tex. Code Crim. Proc. Ann. art. 37.09(1), (3) (West 2006). Appellant's contention regarding the conclusions to be drawn from the jury's choice of the lesser rather than the greater offenses reflects an improper "acquittal-first" view of the approach a jury may take under a charge authorizing conviction under greater and lesser offenses. See Barrios v. State, 283 S.W.3d 348, 352-53 (Tex.Crim.App. 2009) (stating, with regard to jury's consideration of greater and lesser offenses, that the order in which the parts of the charge are considered is left to jury's discretion; also stating use of phrase instructing jury "will acquit" of greater offense before considering lesser offense is "inartful"). In ruling on his evidentiary sufficiency challenge, we will not join appellant in speculation over the thought-processes of jurors during their deliberations.
 As noted, in sexual abuse cases involving a child, the testimony of the victim alone is sufficient to support a conviction. Soto, 267 S.W.3d at 332. Further, the jury is the sole judge of the credibility of witnesses and is free to accept or reject any or all of the evidence presented by either side. Lancon v. State, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008). It thus was free to accept or reject some, all, or none of the child's testimony, and to do the same with regard to appellant's testimony. Id. Despite appellant's denials, the jury heard the child, who was ten by the time of trial, testify that on the day other evidence established as June 6, 2008, and on at least one other occasion, appellant placed his "private" "beside," "against" or "next to," her "private part" or "private" while she sat on him. Her testimony adequately shows that by the terms "private" and "private part" she was referring to their genitalia. See Halbrook v. State, No. 06-09-00204-CR, 2010 Tex.App. LEXIS 5925, at *9-10 (Tex.App. -- Texarkana July 28, 2010, no pet.) (mem. op., not designated for publication) (evaluating similar testimony by child). That evidence suffices to establish the genital "touching . . . including touching through clothing" necessary for the sexual contact element of indecency with a child. Tex. Penal Code Ann. § 21.11(c) (West 2010). We conclude a rational jury could have found the essential elements of indecency with a child by contact were established beyond a reasonable doubt. The evidence was therefore sufficient. 
We overrule appellant's first issue.
Admission of Expert Testimony
 In appellant's second issue, he argues the trial court erred when it allowed the Advocacy Center interviewer to testify concerning "red flags" that indicate a child has been coached to make allegations and erred in allowing her statement that the child here did not display any signs of coaching. Appellant argues this amounted to "bolstering" of the child's credibility.
 We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App. 2007). Expert testimony does not assist the jury, and thus is not admissible, if it constitutes "a direct opinion on the truthfulness" of a child complainant's allegations. Yount v. State, 872 S.W.2d 706, 708 (Tex.Crim.App. 1993); Duckett v. State, 797 S.W.2d 906, 914 (Tex.Crim.App. 1990), overruled on other grounds, 849 S.W.2d 817 (Tex.Crim.App. 1993). Expert testimony that a child did not exhibit indications of coaching or manipulation has been held not to constitute an opinion on the child's truthfulness. See Schutz v. State, 957 S.W.2d 52, 73 (Tex.Crim.App. 1997); Chavez v. State, 324 S.W.3d 785, 788-89 (Tex.App. -- Eastland 2010, no pet.); Darling v. State, 262 S.W.3d 920, 924 (Tex.App. -- Texarkana 2008, pet. ref'd); Rushing v. State, No. 09-08-00396-CR, 2010 Tex.App. LEXIS 4120, at *15 (Tex.App. -- Beaumont Dec. 7, 2009, pet. granted on other grounds 2010 Tex.Crim.App. LEXIS 1556 (Tex.Crim.App. Nov. 10, 2010)). 
Before appellant's objection, the Advocacy Center interviewer testified without objection to "red flags" she looks for during an interview as indications a child has been coached. She then testified she did not "pick up on" indications that the allegations the child was making in this case had come from another person. Appellant then objected when the interviewer was asked whether, in her opinion, the information the child was relating was coming "from her or did you feel like it came from somebody else?" We see no abuse of discretion in the trial court's overruling of the objection to the question, for two reasons. First, the question asked for the same opinion, in different words, the interviewer gave in her response to the previous unobjected-to question, that is, that she saw no indications the child's information "came from somebody else." Second, the trial court reasonably could have considered the question to inquire of indications of coaching, a permissible inquiry, rather than seeking the interviewer's opinion of her truthfulness. See Reynolds v. State, 227 S.W.3d 355, 366 (Tex.App. -- Texarkana 2007, no pet.) (expert's testimony was appropriate because she explained how she interviews children and that she saw no indications the child in that case had been coached); Charley v. State, No. 05-08-01694-CR, 2011 Tex.App. LEXIS 885, at *11-12 (Tex.App. -- Dallas Feb. 8, 2011, no pet.) (mem. op., not designated for publication) (expert was not asked and did not testify that the child was telling the truth; testimony was that child was able to provide sensory details which was important because she would not have been able to do so had she been coached). 
The correctness of the trial court's ruling was borne out by the answer to the question. The interviewer responded to the question merely by again opining, "It came from her." The testimony did not convey the interviewer's opinion as to whether the child was telling the truth. The testimony indicated only that she believed the allegations came from the child rather than from someone telling the child what to allege. See Reynolds, 227 S.W.3d at 366 (finding it was not error for a social worker to opine that a child was not fantasizing when the child related allegations of sexual abuse during a forensic interview; "[l]ikewise, we fail to see how testimony that, in an expert witness' opinion, the child does not exhibit indications of coaching would constitute an opinion on the child's ultimate truthfulness"). We resolve appellant's second issue against him.
Having overruled each of appellant's issues, we affirm the judgment of the trial court.

 James T. Campbell
 Justice

Publish.