NO. 07-12-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 3, 2012

_____

JOHN BENTLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-429,682; HONORABLE JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

John Bentley was convicted of two counts of aggravated sexual assault of a child.[1]  On appeal, he challenges the sufficiency of the evidence to sustain those convictions.  We affirm the judgments.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010).  The State was required to prove, under counts one and two respectively of the indictment, that

_____

[1]He was acquitted of two other counts of aggravated sexual assault.

appellant 1) intentionally or knowingly caused the sexual organ of the complainant to contact the sexual organ of appellant, and 2) intentionally or knowingly caused the sexual organ of the complainant to contact the mouth of appellant. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (iii) (West Supp. 2012).

The complainant, a thirteen-year-old, testified to an instance of vaginal sexual intercourse with appellant that occurred in the bathroom of the home they were sharing. She stated she took her pants off, got on top of appellant's "guy spot," he moved her back and forth, and she felt something in her "girl spot." Afterward, she put her pants back on but later took them off because she felt something wet in them. DNA evidence proved that appellant was the contributor of the semen found on the pants. There was also appellant's DNA evidence on a vaginal swab and a vaginal fluid swab from the complainant, and the odds of some Caucasian other than appellant fitting the profile were one in 4.8 billion.[2]

The complainant also testified that she awoke one morning to find appellant in bed with her and that he went under the sheets and "put his tongue in . . . [her] girl spot." This testimony was corroborated by the complainant's mother, who stated she woke up around 3:00 a.m. that morning, went to check on her daughter, and found appellant crawling out from under the sheets.

The testimony of a child complainant alone is sufficient to sustain a conviction for aggravated sexual assault. *Cantu v. State,* 366 S.W.3d 771, 775-76 (Tex. App.– Amarillo 2012, no pet.). Her testimony, coupled with the DNA evidence and testimony

---

[2]Because the approximate world population is 6.8 billion, the expert witness could not say to a reasonable degree of scientific certainty that appellant contributed the DNA but his profile is consistent with the DNA evidence found.

of the complainant's mother was some evidence upon which a rational juror could find beyond reasonable doubt that appellant committed the two offenses for which he was convicted. That other evidence may contradict the findings, such as that evidence indicating appellant also had sex with the complainant's mother and aunt and the complainant and those women wore the same clothing at times, merely raised a question of fact for the jury to decide. *See Williams v. State,* 290 S.W.3d 407, 412 (Tex. App.–Amarillo 2009, no pet.) (noting that it is for the jury to determine the credibility of the witnesses and whether to believe all, some, or none of their testimony). The jury, therefore, was free to disregard the contradictory evidence and credit the evidence heretofore mentioned.

Accordingly, the issues are overruled, and the judgments are affirmed.

Per Curiam

Do not publish.

3