NO. 07-12-0114-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 3, 2012

 JOHN BENTLEY,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2011-429,682; HONORABLE JIM BOB DARNELL, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 John Bentley was convicted of two counts of aggravated sexual assault of a child.[1] On
appeal, he challenges the sufficiency of the evidence to sustain those convictions. We affirm the
judgments.
 We review challenges to the sufficiency of the evidence under the standard discussed in Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010). The State was required to prove, under counts one
and two respectively of the indictment, that appellant 1) intentionally or knowingly caused the
sexual organ of the complainant to contact the sexual organ of appellant, and 2) intentionally or
knowingly caused the sexual organ of the complainant to contact the mouth of appellant. Tex. Penal
Code Ann. § 22.021(a)(1)(B)(i) & (iii) (West Supp. 2012).
 The complainant, a thirteen-year-old, testified to an instance of vaginal sexual intercourse
with appellant that occurred in the bathroom of the home they were sharing. She stated she took her
pants off, got on top of appellant’s “guy spot,” he moved her back and forth, and she felt
something in her “girl spot.” Afterward, she put her pants back on but later took them off because
she felt something wet in them. DNA evidence proved that appellant was the contributor of the semen
found on the pants. There was also appellant’s DNA evidence on a vaginal swab and a vaginal fluid
swab from the complainant, and the odds of some Caucasian other than appellant fitting the profile
were one in 4.8 billion.[2]
 The complainant also testified that she awoke one morning to find appellant in bed with her and
that he went under the sheets and “put his tongue in . . . [her] girl spot.” This testimony was
corroborated by the complainant’s mother, who stated she woke up around 3:00 a.m. that morning, went
to check on her daughter, and found appellant crawling out from under the sheets.
 The testimony of a child complainant alone is sufficient to sustain a conviction for aggravated
sexual assault. Cantu v. State, 366 S.W.3d 771, 775-76 (Tex. App.– Amarillo 2012, no pet.). Her
testimony, coupled with the DNA evidence and testimony of the complainant’s mother was some evidence
upon which a rational juror could find beyond reasonable doubt that appellant committed the two
offenses for which he was convicted. That other evidence may contradict the findings, such as that
evidence indicating appellant also had sex with the complainant’s mother and aunt and the
complainant and those women wore the same clothing at times, merely raised a question of fact for
the jury to decide. See Williams v. State, 290 S.W.3d 407, 412 (Tex. App.–Amarillo 2009, no pet.)
(noting that it is for the jury to determine the credibility of the witnesses and whether to believe
all, some, or none of their testimony). The jury, therefore, was free to disregard the
contradictory evidence and credit the evidence heretofore mentioned.
 Accordingly, the issues are overruled, and the judgments are affirmed.

 Per Curiam
Do not publish.

-----------------------
 [1]He was acquitted of two other counts of aggravated sexual assault.

 [2]Because the approximate world population is 6.8 billion, the expert witness could not say to
a reasonable degree of scientific certainty that appellant contributed the DNA but his profile is
consistent with the DNA evidence found.