

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00066-CR

AMBROCIO MATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F-2013-0090-D, Honorable Bruce McFarling, Presiding

September 3, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Ambrocio Mata was convicted after a jury trial of aggravated sexual assault of a child and sentenced to fifty-five years confinement and a fine of $10,000. He has appealed that conviction.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there

_____

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

was no reversible error and of appellant's right to file a response or brief *pro se*. Counsel also noted in the letter that he had furnished a copy of the record to appellant. By letter, this court notified appellant of his right to tender his own brief or response and, upon appellant's motion, granted him until August 8, 2014, to do so. Appellant timely filed a response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed various phases of the trial and potential areas of appeal including the indictment, pretrial issues, jury selection, adverse evidentiary rulings during trial, jury instructions, the punishment assessed, the sufficiency of the evidence, and whether counsel was effective. Counsel has satisfactorily explained why each potential argument lacks merit.

Appellant also raised six potential areas of appeal including violation of his *Miranda* rights, the fact that the record lacked any DNA evidence, ineffective assistance of counsel, the failure of his attorney to conduct discovery, appellant's inability to communicate in English, and the failure of the court reporter to memorialize the trial court's reading of its charge to the jury. Upon our review of the record, we discovered that there was no objection at trial to the lack of *Miranda* warnings. So too did we uncover both a written and video waiver of appellant's constitutional rights.

As to the lack of DNA evidence supporting his conviction, we note that the testimony of the child complainant alone was sufficient to sustain the conviction. *See Cantu v. State*, 366 S.W.3d 771, 775-76 (Tex. App.—Amarillo 2012, no pet.) (so holding). Furthermore, appellant gave a statement to police and testified at trial that the child performed oral sex on him.

2

Similarly revealed by the record was the presence of an interpreter at trial. As for the ineffective assistance of counsel allegation, the only specific complaint uttered involved counsel's purported failure to conduct discovery. Yet, appellant failed to describe the nature of the discovery in question or its relevance.

As for the complaint about the reading of the charge not being recorded, the transcript discloses that the charge was read. And, while the substance of what was said does not appear in the reporter's record, there was no request that it be memorialized or objection to the reporter not recording it. This is of import since withholding complaint at trial about the reporter's failure to record an aspect of the proceeding waives the complaint. *See e.g., Valle v. State*, 109 S.W.3d 500, 508-09 (Tex. Crim. App. 2003) (stating that the failure to request recordation of a bench conference waives the complaint). We see neither a request nor objection here. And, though appellant cites article 36.27 of the Texas Code of Criminal Procedure as support for his argument, that provision pertains to recording the trial court's response to a jury question.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review failed to reveal error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[2]


Per Curiam

Do not publish.

---

[2] Appellant has a right to file a petition for discretionary review with the Court of Criminal Appeals.

3