

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00028-CR

**JOSE CARMEN GARCIA, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-2360-C1

## MEMORANDUM OPINION

In one issue, appellant, Jose Carmen Garcia Jr., appeals his conviction for indecency with a child by contact, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Because we cannot say that appellant was egregiously harmed by the charge submitted to the jury, we affirm.

# I. BACKGROUND[1]

In the instant case, the indictment provides the following, in relevant part:

> [O]n or about the 20th day of November, A.D. 2010 in McLennan County, Texas, did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with [J.O.] by touching the genitals of [J.O.], a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's hand . . . .

Appellant did not object to the language in the indictment, and this case proceeded to trial.

At the conclusion of the evidence, the jury was instructed regarding the law governing the case. Among the many items included in the jury charge was the following definition of the term "child": "'Child,' means a person younger than seventeen (17) years of age who is not the spouse of the actor." However, in the application portion, the charge stated the following elements of the charged offense:

## ELEMENTS

1. On or about the 20th day of November, 2010;

2. in McLennan County, Texas;

3. the defendant, JOSE CARMEN GARCIA, JR.;

4. did then and there, with the intent to arouse or gratify the sexual desire of any person;

5. engage in sexual contact with [J.O.] by touching the genitals of [J.O.], a child who was then and there younger than seventeen (17) years of age;

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

6. by means of the Defendant's hand.

Appellant did not object to the charge, and the jury subsequently found appellant guilty of the charged offense. After appellant pleaded guilty to an enhancement paragraph contained in the indictment, the trial court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[2] Appellant filed a motion for new trial, which was later denied by the trial court. This appeal followed.

## II. THE CHARGE

In his sole issue on appeal, appellant complains that the trial court's charge erroneously defined the term "child." More specifically, appellant argues that the charge's definition of "child" was confusing because it required the State to prove an element that is no longer required for indecency with a child by contact—that the child victim is not appellant's spouse.

### A. Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze the error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was

---

[2] In the indictment, the State used appellant's prior felony convictions for indecency with a child and failure to comply with sex offender registration for enhancement purposes.

not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Under Texas law, the trial court must provide the jury with "a written charge setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in [its] charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2008). "This law requires the trial judge to instruct the jury on statutory defenses, affirmative defenses, and justification whenever they are raised by the evidence." *Walters*, 247 S.W.3d at 208-09 (citing TEX. PENAL CODE ANN. §§ 2.03-.04 (West 2011); *Arnold v. State*, 742 S.W.2d 10, 13 (Tex. Crim. App. 1987)). "Some information, such as the elements of the charged offense, must appear in the jury charge and is without question the law applicable to the case." *Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009) (internal citations & quotations omitted).

**B.    Discussion**

It is undisputed that appellant did not object to the jury charge; accordingly, on appeal, appellant must establish that he was egregiously harmed. *See Sanchez*, 376 S.W.3d at 775; *Almanza*, 686 S.W.2d at 171; *Arline*, 721 S.W.2d at 352. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence,

the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

In the abstract portion, the charge defines a "child" as "a person younger than seventeen (17) years of age who is not the spouse of the actor." However, a review of the operative criminal statute—section 21.11 of the Penal Code—shows that, in trying appellant for indecency with a child by contact, the State was not required to prove whether J.O. is appellant's spouse. *See* TEX. PENAL CODE ANN. § 21.11(a). Instead, section 21.11(b-1) provides that it "is an affirmative defense to prosecution under this section that the actor was the spouse of the child at the time of the offense." *Id.* § 21.11(b-1). Therefore, it appears that the definitional section of the charge contained surplusage.[3] In any event, the application paragraph in the charge did not reference the spousal affirmative defense and, instead, substantially tracked the language of section 21.11(a). *See id.* § 21.11(a); *see also Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious."); *Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim.

---

[3] Interestingly, had the charge's definition of "child" been used in the application section, the State's burden in this case would have been heightened. *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2011).

App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) (holding that the inclusion of merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs).

Furthermore, appellant admits that the State presented evidence to support a finding on each element of its case and that the parties did not argue J.O.'s marital status during closing argument.[4]   As appellant acknowledges, "the argument of the parties focused on whether the allegation occurred at all."

Therefore, based on the foregoing, we conclude any error in the abstract portion of the charge was not calculated to injure appellant's rights or deprive him of a fair and impartial trial.  *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121.  Accordingly, we cannot say that appellant was egregiously harmed by the purported error in the charge.  *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121.  We overrule appellant's sole issue.

---

[4] In fact, the record includes the testimony of the child victim who recounted the alleged instance of indecency with a child by contact.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014) (stating that a child victim's testimony alone is sufficient to support a conviction for indecency with a child); *see also Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd).  And though not relevant to the State's case-in-chief, the record contains uncontroverted testimony that J.O. is not appellant's spouse.

### III.  CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
Do not publish
[CRPM]

