# NO. 12-16-00084-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ISRAEL MAGALLANES,* *APPELLANT* | § | *APPEAL FROM THE 441ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *MIDLAND COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Israel Magallanes appeals his conviction for indecency with a child. Appellant raises two issues challenging the sufficiency of the evidence and the admissibility of certain evidence. We affirm.

### BACKGROUND

Appellant lived in an apartment with his two young sons and their mother, A.G. Also living in the apartment was A.G.'s daughter, H.G., who was four months old when Appellant's and A.G.'s relationship began. When H.G. was six years old, she told A.G. that Appellant touched her vagina.

Appellant was subsequently charged by indictment with indecency with a child by contact. Pursuant to plea negotiations with the State, Appellant pleaded "no contest" to the charge, and the trial court deferred a finding of guilt and placed him on community supervision for a term of ten years.

Thereafter, Appellant moved to withdraw his plea, claiming that he was misled about the length of the sex offender registration period. The trial court granted the motion. Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

Ultimately, the trial court found Appellant "guilty" as charged and assessed his punishment at imprisonment for three years. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant argues that the evidence is insufficient to support his conviction.

**Standard of Review**

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To satisfy the elements of indecency with a child by contact, the State was required to prove that Appellant engaged in sexual contact with a child younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Sexual contact includes any touching through clothing of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1) (West 2011).

**Analysis**

At trial, A.G. testified that the crisis center sent representatives to H.G.'s school to speak with the students about how to protect themselves. The next day, A.G. asked H.G. about the program. H.G. said that they learned about good secrets and bad secrets, and that she had a bad secret. She pointed to her vagina and said "Daddy" touched her there.

A.G. testified that she dropped H.G. off at school and went home to confront Appellant. He denied the accusation. A.G. took her two sons and went to her mother's residence. She picked H.G. up from school early and talked with her some more about what happened. Appellant repeatedly called A.G. saying that the allegations were false and he wanted to explain what happened. A.G. went to speak with Appellant with H.G. and the boys present. Appellant cried and denied everything. He told H.G. to "tell Mom the truth." H.G. told Appellant, "Daddy, quit lying. Tell Mommy the truth. You did touch me."

H.G. testified that she was in court because her "dad touched [her] in the wrong place." She said that by "dad," she meant Israel Magallanes, and she identified Appellant in court. H.G. said that the first time this occurred was when A.G. was in the shower, the boys were playing video games, and Appellant called H.G. from her room to lie on the couch with him. She said that he touched her in the private area that she uses to "go potty." H.G. said that this happened on other days as well, and that it made her uncomfortable.

Appellant testified that there were times when he was on the couch with H.G., and probably times when they were alone. According to Appellant, however, the events that H.G. described did not occur. He said that prior to the accusation, H.G.'s school grades were suffering and her teacher was sending home "bad notes." A.G. warned H.G. that if her grades and behavior did not improve, she would be transferred to another school. Appellant supported A.G. in this threat, and he believed that H.G. was angry with him for that reason.

Appellant argues that the evidence is insufficient because no physical evidence was presented, H.G. gave conflicting statements regarding the timing of the events, and the witnesses had motives to lie. However, a complainant's testimony alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2016). Child victims are not expected to testify with the same clarity and ability as adults. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). A child sexual abuse victim's description of the events need not be precise or sophisticated. *Cantu v. State*, 366 S.W.3d 771, 776 (Tex. App.—Amarillo 2012, no pet.). Corroboration of the victim's testimony by medical or physical evidence is not required. *Id.*

In the light most favorable to the jury's verdict, the evidence shows that Appellant touched H.G.'s genitals when she was six years old, and he did so repeatedly. We conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed

indecency with a child. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899; TEX. PENAL CODE ANN. § 21.11(a)(1). Accordingly, we overrule Appellant's first issue.

<br>

<u>ADMISSIBILITY OF EVIDENCE</u>

In his second issue, Appellant complains that the trial court violated Texas Rule of Evidence 410 when it admitted evidence regarding his plea negotiations.

**<u>Standard of Review and Applicable Law</u>**

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

Under rule of evidence 410, evidence of a defendant's withdrawn plea of guilty or nolo contendere is inadmissible against him in a subsequent trial. TEX. R. EVID. 410(b)(1), (2). Generally, so are statements made during plea discussions with the state or during a proceeding on such a plea. TEX. R. EVID. 410(b)(3), (4). However, such statements may be admitted when another statement made during the plea discussions or proceeding has been introduced, and in fairness the statements should be considered together. TEX. R. EVID. 410(c). Impeachment of the defendant is an impermissible use of statements made during plea negotiations. *Canfield v. State*, 429 S.W.3d 54, 70 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b).

**<u>Analysis</u>**

During cross-examination of Appellant, the State sought to introduce a document containing Appellant's judicial confession used in his previous no contest plea. Defense counsel

4

asked to approach and noted that he believed the judicial confession was withdrawn along with the plea, and therefore "it's as if it was never signed." The trial court agreed that the judicial confession was withdrawn. The State conceded that the judicial confession was a statement made during plea negotiations, but it argued that evidence of it was admissible for impeachment purposes. The trial court did not admit the judicial confession document, but it allowed the State to ask Appellant about the judicial confession for impeachment purposes.

Appellant admitted signing the judicial confession, but stated that he "[couldn't] say [he] read it." Appellant further stated, "I was agreeing to what the terms were. I wasn't complete—I wasn't agreeing to the confession. I was just agreeing to what your terms were on the plea deal. . . . I was just tired of all this, and I was willing to do whatever." When pressed to say whether he was lying now or when he signed the judicial confession, he stated the latter. In closing, the State argued, among other things, that Appellant's "obvious willingness to lie to a court to his benefit []—draws into question his credibility."

On appeal, Appellant argues that the trial court erred by admitting his testimony regarding the judicial confession, and that we should reverse and remand for a new trial because the error affected his substantial rights. The State concedes that Appellant preserved his claim and that the trial court erred, but it argues that the error is harmless. Assuming, without deciding, that Appellant preserved his claim, we agree with the State that the trial court erred and the error is harmless.

Appellant's judicial confession was a statement made during a proceeding on a subsequently withdrawn no contest plea. Therefore, unless a statement made during plea negotiations was previously introduced at trial, evidence regarding the judicial confession was inadmissible. *See* TEX. R. EVID. 410(b)(3), (c). No mention of the plea negotiations was made at trial before the State's questions about the judicial confession. Thus, the trial court erred by admitting testimony about the judicial confession for impeachment purposes. *See Canfield*, 429 S.W.3d at 70.

However, under the circumstances of this case, we cannot conclude that the error had a substantial or injurious effect on the verdict. *See King*, 953 S.W.2d at 271. First, the trial was a bench trial before the same judge who received Appellant's no contest plea. Therefore, the judge knew about the no contest plea and the judicial confession even before the State cross-examined Appellant about them. Before trial, the trial judge offered to let another judge try the case

5

"because of all of the stuff that has happened beforehand." The judge made clear that the no contest plea would not affect his verdict, and the parties agreed to proceed with the trial. Furthermore, the substance of Appellant's testimony—that his judicial confession was false and he only agreed to the terms of the plea bargain agreement because he "was just tired of all this"—did not likely change the judge's opinion regarding Appellant's guilt or innocence. Under these circumstances, we conclude that the admission of the testimony did not affect Appellant's substantial rights, and we disregard the error. *See* TEX. R. APP. P. 44.2(b); *Johnson*, 43 S.W.3d at 4. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2017**

**NO. 12-16-00084-CR**

**ISRAEL MAGALLANES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 441st District Court

of Midland County, Texas (Tr.Ct.No. CR42886)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*