

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00210-CR

RUBEN CANTU, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2009-422,143; Honorable Jim Bob Darnell, Presiding

July 17, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Ruben Cantu, Jr., appearing *pro se*, attempts to appeal his two convictions for indecency with a child[1] and consecutive sentences of forty years imprisonment. We previously affirmed his convictions in *Cantu v. State*, 366 S.W.3d 771 (Tex. App.—Amarillo 2012, no pet.). We now dismiss his attempted appeal for want of jurisdiction.

---

[1] TEX. PENAL CODE ANN. § 21.11 (West 2011).

Appellant was sentenced on April 1, 2010. On June 19, 2017, appellant filed "Cantu's Notice of Appeal," "Cantu's Memorandum of Law," and an application for writ of habeas corpus in the trial court. Both the notice of appeal and the application for writ of habeas corpus reference "Cantu's Memorandum of Law," wherein appellant argues he received illegal sentences. The district clerk has informed this Court that the application for writ of habeas corpus and memorandum of law were forwarded to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015). By letter on June 23, 2017, we notified appellant that his notice of appeal was untimely and directed him to file a response showing grounds for continuing the appeal by July 10. Appellant filed a response asking this Court to vacate the judgments and remand the case for re-sentencing.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). A timely notice of appeal is required to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is untimely, we can take no action other than to dismiss for lack of jurisdiction. *Id.* at 523.

As appellant's notice of appeal is untimely, we have no jurisdiction over the matter and may take no action other than to dismiss the appeal. *See Olivo*, 918 S.W.2d at 523. Further, to the extent that appellant's filings could be construed as an application for writ of habeas corpus filed in this Court, we have no original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (original habeas corpus jurisdiction of intermediate courts of appeals limited to

2

civil matters); *Ex parte Castillo*, No. 07-11-00096-CV, 2011 Tex. App. LEXIS 2188, at *2 (Tex. App.—Amarillo Mar. 25, 2011, orig. proceeding) (mem. op.). Rather, habeas corpus jurisdiction in criminal proceedings rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05, 11.07 (West 2015); *Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam).

Accordingly, we dismiss the appeal for want of jurisdiction.


James T. Campbell
Justice


Do not publish.