

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00282-CR

---

BLAKE AARON BYERS                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
TRIAL COURT NO. 1467332

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted appellant Blake Aaron Byers of assault.[2]  In one point, he challenges the sufficiency of the evidence to support the conviction.  We hold that the evidence is sufficient, and we affirm the conviction.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2017).

## Background[3]

Byers and K.R. (Kara)[4] had a long friendship that developed into an intimate dating relationship. By August 2016, their relationship became strained because she discovered that he was "sleeping with two other girls."

One morning that month, she drove to his house to drop off her belongings because she planned to return there after work and to spend the night. When she arrived at the house, he told her that he had plans with another woman that night. She became upset, and he began yelling at her. He put his hands around her throat and applied pressure, causing her pain and giving her the sensation of being unable to breathe. When he let go, she began to gather her possessions, but he pinned her to the ground, positioned himself over her, and banged her head against a hardwood floor three to five times. She became afraid that he would kill her.

Byers eventually allowed Kara to leave the house, but he took valve stems out of her tires, causing them to go flat. At that time, she called 9-1-1. While crying, she told the dispatcher that she had been assaulted and that Byers had removed the air from her tires.

---

[3]The first part of this section presents the evidence according to testimony from the State's witnesses. Byers testified to different facts that we will detail later in this section.

[4]To protect Kara's anonymity, we use a pseudonym. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Jesse Hobbs, a Fort Worth police officer, arrived at the house. Byers initially told Officer Hobbs that he and Kara had only verbally argued. To Officer Hobbs, Kara appeared to be "very scared," and he sensed that she was giving an honest account of the assault. Officer Hobbs saw red marks around Kara's neck; he looked for bruises on her head but saw none. After Officer Hobbs saw the red marks, he asked Byers if he wanted to change his statement, and Byers admitted that he had pushed Kara to the floor and that she had hit her head. Officer Hobbs arrested Byers. The police took photographs of Kara that showed red marks on her neck.

The State charged Byers with assault. The State alleged that he had intentionally or knowingly injured Kara, with whom he had a dating relationship, by grabbing or squeezing her neck with his hand or by slamming her onto a floor.

At trial, Byers pleaded not guilty. Kara testified about the facts described above and told the jury about another occasion when Byers physically abused her. Byers testified that before the August 2016 incident, he had broken off his intimate relationship with Kara. According to Byers, when Kara arrived at his house on the morning of his arrest, they began arguing, and he asked her to leave. She would not leave, so while facing her, he put his hands on her shoulders to "escort" her to the front door. As he was pushing her backwards, she tripped over an ottoman, and because she was holding onto him, they both fell to the floor. He never hit her, choked her, or slammed her head to the ground, and he did not see the ottoman while escorting her toward the door. He

3

let the air out of her tires with the intent of enticing her to exit his house so that he could lock her outside. Regarding the red marks on her neck, he testified, "It's easy for someone to do that. I've seen that happen before." He stated, "I never grabbed the girl once. I wasn't raised that way. I didn't come from a family like that." Finally, he testified, "The only reason [Kara] fell is because we tripped. I wasn't trying to harm her in any . . . fashion[;] I was trying to get her out of my house."

After the parties rested but before they gave closing arguments, the State asked the trial court to charge the jury on assault with a reckless mental state as a lesser-included offense of intentional or knowing assault. Byers objected to the inclusion of a jury question on reckless assault, contending that the evidence did not show his recklessness. The trial court overruled the objection and included an independent question on reckless assault along with a question on intentional or knowing assault.[5]

The jury found Byers guilty of assault by recklessly causing Kara bodily injury. The trial court sentenced him to 270 days' confinement. He brought this appeal.

---

[5]We express no opinion on the propriety of separate questions for assault based on varying alleged mental states. We note, however, that the court of criminal appeals has expressed that there is "no indication that the legislature intended for an 'intentional' bodily injury assault to be a separate crime from a 'knowing' bodily injury assault or that both of those differ from a 'reckless' bodily injury assault. . . . They are conceptually equivalent." *Landrian v. State*, 268 S.W.3d 532, 537 (Tex. Crim. App. 2008).

4

**Evidentiary Sufficiency**

In his only point, Byers contends that the evidence is insufficient to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Jenkins*, 493 S.W.3d at 599.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the

verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49; *see Blea*, 483 S.W.3d at 33. A jury may accept or reject all or any part of a witness's testimony. *Franklin v. State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.).

A person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1). "Bodily injury" means "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(8) (West Supp. 2017). Bodily-injury assault is a result-of-conduct offense. *See Landrian*, 268 S.W.3d at 536. Thus, in an assault case, the defendant's mental state relates to the result of the defendant's conduct: bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(1); *Schroeder v. State*, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). A person is reckless with respect to the result of conduct when he consciously disregards a substantial and unjustifiable risk that "the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." Tex. Penal Code Ann. § 6.03(c) (West 2011). A factfinder may infer a defendant's mental state through the defendant's acts, words, and conduct. *Reyes v. State*, 480 S.W.3d 70, 77 (Tex. App.—Fort Worth 2015, pet. ref'd).

6

Byers argues that the facts drawn from his own testimony—essentially, that while he attempted to escort Kara out of his house after she refused to leave voluntarily, she tripped and fell over an ottoman of which he was unaware—are insufficient to prove recklessness because they do not show that he consciously disregarded a substantial and unjustifiable risk of bodily injury to Kara. *See* Tex. Penal Code Ann. §§ 6.03(c), 22.01(a)(1). He contends that the jury disregarded Kara's testimony as not credible and implies that we should too. He reasons that Kara's testimony presented a narrative supporting only an intentional or knowing assault and that because the jury did not find an intentional or knowing assault, it must have rejected that testimony. *Cf. Cantu v. State*, 366 S.W.3d 771, 776 (Tex. App.—Amarillo 2012, no pet.) ("[A]ppellant argues the jurors could not have found the complainant's testimony entirely credible or they would have convicted him of the indicted offense.").

The State argues, however, that in finding Byers's recklessness with respect to causing Kara's bodily injury, the jury could have relied on her testimony that he grabbed her throat, pushed her, pinned her to the floor, and banged her head against the floor. In fact, the State argues that the jury must have believed at least some of Kara's testimony because (1) the jury charge instructed the jury to find Byers guilty if he recklessly caused bodily injury to Kara by "grabbing or squeezing her neck with his hand, or by slamming her onto the floor with his hand . . . as charged in the information," (2) the jury found him guilty, and (3) the jury is presumed to have followed the trial court's instruction.

*See Walker v. State*, 300 S.W.3d 836, 850 (Tex. App.—Fort Worth 2009, pet. ref'd) (stating that we presume that a jury follows the trial court's instructions in the manner presented). The State contends that the jury was free to resolve any conflicts between Byers's and Kara's testimony in favor of Byers's guilt. Presenting the evidence from the perspective of Kara's testimony, the State contends that the jury could have inferred that Byers knew of and consciously disregarded a substantial and unjustifiable risk that Kara would suffer bodily injury "when he grabbed her by her throat and squeezed to the point of causing red marks, or repeatedly slammed her head on the floor."

We reject Byers's invitations to speculate about what evidence the jury found credible or considered when reaching its verdict and to limit our review of the evidence supporting his conviction to the facts drawn from his testimony. *See Jenkins*, 493 S.W.3d at 599 (stating that in an evidentiary sufficiency review, the appellate court must consider "all of the evidence" and the "cumulative force of all the incriminating circumstances"); *Cantu*, 366 S.W.3d at 777 ("In ruling on his evidentiary sufficiency challenge, we will not join appellant in speculation over the thought-processes of jurors during their deliberations."); *see also Barrios v. State*, 283 S.W.3d 348, 353 (Tex. Crim. App. 2009) (explaining that a jury need not unanimously agree that a defendant is not guilty of a greater offense before considering a lesser-included offense). Viewing the evidence in the light most favorable to the verdict, it showed that as charged in the indictment, Byers grabbed or squeezed Kara's neck and slammed her against a floor.

From this evidence, we conclude that the jury could have rationally found that Byers was aware of a substantial and unjustifiable risk of bodily injury to Kara, that he consciously disregarded the risk, that he grossly deviated from the standard of care that an ordinary person would exercise, and that he caused bodily injury. *See* Tex. Penal Code Ann. §§ 6.03(c); 22.01(a)(1); *see also Wingfield v. State*, 282 S.W.3d 102, 105 (Tex. App.—Fort Worth 2009, pet. ref'd) (recognizing that "people of common intelligence understand pain and some of the natural causes of it"). Although the State sought to prove an intentional or knowing assault based on these facts, the law did not prevent the jury from considering the same evidence to convict Byers for assault committed through a reckless state of mind. *See Stepherson v. State*, 523 S.W.3d 759, 764 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Appellant . . . insists that the State sought only to prove that appellant acted intentionally and knowingly, as required for the charged offense of murder, and not recklessly, as required for manslaughter. Even if true, a jury is not prevented from looking at the same evidence and concluding that it supports a finding of reckless, and not intentional, conduct."); *see also* Tex. Penal Code Ann. § 6.02(e) (West 2011) ("Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."); *Flores v. State*, 245 S.W.3d 432, 440 (Tex. Crim. App. 2008) (stating that "proof of intent would, as a matter of law, establish recklessness as well"); *Bell v. State*, 693 S.W.2d 434, 438 (Tex. Crim. App. 1985) (stating that when the State establishes the "higher culpable mental state of intent or knowledge, it

9

necessarily establishe[s] the lower culpable mental state of recklessness"); *Cobb v. State*, No. 10-16-00406-CR, 2017 WL 2819106, at *3 (Tex. App.—Waco June 28, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that a factfinder could rationally find that a defendant recklessly caused the victim's death when the defendant shot the victim eight times at close range).

For these reasons, viewing all of the evidence in a light most favorable to the jury's verdict, we conclude that the jury could have rationally found the elements of Byers's reckless assault against Kara beyond a reasonable doubt. *See* Tex. Penal Code Ann. §§ 6.03(c), 22.01(a)(1); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599. We therefore hold that the evidence is sufficient to support Byers's conviction, and we overrule his sole issue.

## Conclusion

Having overruled Byers's only issue, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: GABRIEL, KERR, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018

10