**Opinion issued January 11, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00488-CR

_____

## ALLAN RAMON MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1563904**

---

## MEMORANDUM OPINION

A jury convicted Allan Ramon Martinez of the felony offense of aggravated

sexual assault of a child[1] and sentenced him to 13 years' confinement. On appeal,

Martinez complains that there is insufficient evidence to support his conviction and

---

[1]     *See* TEX. PENAL CODE §§ 22.021(a)(1)(B), (a)(2)(B), (e).

that the trial court improperly admitted testimony. Because there was sufficient evidence and the alleged evidentiary error was not preserved, we affirm.

## Background

In 2016, Martinez was a substitute teacher at Holland Middle School when he met Mary,[2] who was 13 years old at the time. At first, Mary and Martinez had normal conversations, but their interactions soon progressed to her confiding in him about her troubled life, and eventually he began flirting with her. They exchanged numbers so that they could continue talking outside of school. Soon after, Martinez called Mary, met with her, and had sexual intercourse with her.

Months later, Mary told her older sister about the incident which began a police investigation. Mary met with Child Protective Services for a forensic interview, but no physical evidence was collected because of the delayed outcry. As part of the investigation, Sergeant D. McCloud received Martinez's contact information from Mary's family, interviewed Martinez, and compared Mary's statements and phone records. Based on the investigation, Martinez was arrested and charged with aggravated sexual assault of a child.

---

[2] We refer to the complainant by a pseudonym to protect her privacy. *See* TEX. CONST. art. 1, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

Martinez pleaded not guilty and proceeded to trial. During the guilt-innocence phase of trial, the jury heard from Mary's sister; Mary; Sergeant D. McCloud; C. Gonzalez, director of forensic services at the Children's Assessment Center; and Dr. W. Crowson, staff psychologist at the Children's Assessment Center.

Mary's sister testified that she was close with Mary and that Mary would sometimes stay at her house in 2016. In the summer of 2016, Mary told her sister about having sexual intercourse with Martinez. Mary told her that Martinez was a substitute teacher who had been flirting with her and that they exchanged phone numbers before eventually meeting up to have sex.

Mary testified that in 2016 she was attending Holland Middle School and was in 7th grade. At that time, she primarily lived with her grandmother, but she sometimes stayed with her sisters who had their own apartments. Mary spoke about how close she is with her family, and that she is closest with her sister that testified. Martinez was the substitute teacher for one of her classes. She recalled enjoying being in his class and that she would skip other classes to stay and chat with him. Their conversations quickly progressed to Mary discussing the difficulties in her life, including a prior sexual assault. Soon after, Martinez exchanged numbers with her and called her to talk. One night, Martinez asked to meet with her. She snuck out of her grandmother's house, and he picked her up. Martinez then drove them to Clinton Park, where they had sex in his vehicle before she went home. Mary kept talking to

3

Martinez while at school, but an assistant principal had learned Mary was skipping classes to stay in Martinez's class and questioned her about it.

Mary did not see Martinez outside of school again after having sex with him. It was only months later, during the summer, that she told her sister what happened. After Mary's outcry, the police investigated and she went to the Children's Assessment Center to be interviewed about the sexual assault.

Sergeant McCloud, with the Houston Police Department, was assigned to investigate Mary's case. She explained that after an outcry, a forensic interview is scheduled at the Children's Assessment Center where the complainant can speak to a third party about the incident. In instances of a delayed outcry, where a complainant does not immediately disclose the assault, they may be unable to collect evidence such as DNA. In Mary's case, three separate incidents were being investigated, but only one involved Martinez. Because months had elapsed between the sexual assault and Mary's outcry, no DNA evidence was collected from Mary. As part of her investigation, Sergeant McCloud spoke with Mary's family members and Martinez. She also reviewed Mary's cellphone records which showed phone calls from Martinez to Mary's cellphone on the night of the sexual assault.

C. Gonzalez, director of forensic services at the Children's Assessment Center, explained that forensic interviews are done by trained specialists to

determine whether abuse has occurred. Gonzalez reviewed Mary's forensic interview and stated that Mary disclosed abuse during the interview.

Lastly, Dr. W. Crowson, a staff psychologist at the Children's Assessment Center, explained to the jury the term "delayed outcry," the way children disclose abuse, and the process known as grooming where an abuser targets a victim to maintain access and reduce the likelihood of disclosure.

The jury found Martinez guilty, and he was sentenced to 13 years' confinement.

## Sufficiency of the Evidence

In his first issue, Martinez contends that the evidence did not establish aggravated sexual assault of a child. *See* TEX. PENAL CODE §§ 22.021(a)(1)(B), (a)(2)(B), (e).

### A. Standard of Review

We determine whether the evidence is sufficient by considering all the evidence, in the light most favorable to the jury's verdict, to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). We defer to the factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Our

role is that of a due process safeguard, and we consider only whether the factfinder reached a rational decision. *See Malbrough v. State*, 612 S.W.3d 537, 559 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *see also Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (reviewing court's role "is restricted to guarding against the rare occurrence when a fact finder does not act rationally").

Sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge. *See Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009). We must consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Malbrough*, 612 S.W.3d at 559 (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Circumstantial and direct evidence are equally probative in establishing the defendant's guilt, and circumstantial evidence alone can be sufficient. *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The State need not disprove all reasonable alternative hypotheses inconsistent with a defendant's guilt for the evidence to be sufficient. *Wise*, 364 S.W.3d at 903. An appellate court "considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id*. We review factual and legal sufficiency

under the same standard of review. *See Edwards v. State*, 497 S.W.3d 147, 156 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

**B.     Analysis**

To prove Martinez committed aggravated sexual assault of a child under 14 years old, the State was required to prove beyond a reasonable doubt that (1) Martinez intentionally or knowingly caused the penetration of the anus or sexual organ of a child by any means; and (2) the victim is under 14 years old. *See* TEX. PENAL CODE §§ 22.021(a)(1)(B)(i), (a)(2)(B). Outcry testimony alone can be legally sufficient evidence to support a conviction. *Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)). A child complainant's testimony is also sufficient to support a conviction. *Bautista v. State*, 605 S.W.3d 520, 525 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (observing "well-established principle that a child sexual abuse victim's uncorroborated testimony is sufficient to support a conviction for aggravated sexual assault"); *Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.).

Martinez contends that the evidence was insufficient because Mary's testimony was contradicted by other testimony, lacked credibility, and was unsupported by physical evidence. Martinez first complains that Mary's testimony was contradicted by her sister. At trial, Mary testified that Martinez was substituting

for her teacher on a Tuesday, and the following Saturday Martinez arranged to meet her by cellphone and then drove her to a nearby parking lot where she performed oral sex on him and then he had sexual intercourse with her. Mary testified that this happened only once, but her sister testified that Mary told her that it happened three times.

Although Martinez has identified conflicting evidence, we presume the jury weighed the evidence and resolved any concerns in favor of the verdict. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012) (jury is sole judge of witness credibility and weight of evidence). The jury may choose to believe or disbelieve any part of a witness's testimony. *See Davis v. State*, 177 S.W.3d 355, 358 (Tex. App.—Houston [1st Dist.] 2005, no pet.). And "reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (citing *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986)). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton*, 235 S.W.3d at 778 ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

Second, Martinez argues that Mary lacked credibility because her testimony conflicted with Sergeant McCloud's testimony. Sergeant McCloud did not include

8

in her report that Mary alleged that oral sex occurred. Mary also testified that she gave the police her cellphone so that they could gather any existing evidence, but Sergeant McCloud testified that when she requested Mary's cellphone Mary said that she could not find it. Mary also testified that Sergeant McCloud's report was incorrect when it stated that Mary told Sergeant McCloud that she had gotten "high" from smoking marijuana before an unrelated, subsequent sexual assault. Martinez argues that it is irrational for a jury to find Mary's allegations credible and challenged the veracity of Sergeant McCloud's report. Again, we presume the jury weighed the evidence and resolved any concerns in favor of the verdict. *Merritt* 368 S.W.3d at 525–26; *see also Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017) ("The jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury.").

Finally, Martinez argues that the evidence was insufficient because the State presented no physical evidence. Mary testified that Martinez built a rapport with her by letting her stay in his class and that she was later questioned by an assistant principal about this. On cross-examination, Sergeant McCloud conceded that she did not order school records which could have confirmed an admonishment by school administrators. Martinez also raises that Sergeant McCloud conceded that Martinez cooperated with both the CPS investigation and the police investigation, but she did

9

not ask to search Martinez's cell cellphone for call history, texting history, or internet search history. Nor did she order cellphone tower records for Martinez's or Mary's cellphone to establish through GPS whether Martinez was in Mary's neighborhood. The only corroborating evidence offered by Sergeant McCloud was that she reviewed Mary's cellphone records and noted in her report that there was an incoming call from a number associated with Martinez on January 9, 2016, at 10:30 p.m. Martinez points out that Sergeant McCloud took no steps to get information from him about the make and model of his vehicle to confirm if Mary had any knowledge about his vehicle or to determine whether the vehicle had GPS tracking. Martinez also argues that Sergeant McCloud failed to interview Mary's grandmother who was a key witness. Mary testified that her grandmother would wake up multiple times throughout the night. Mary also stated that on the night of the offense she waited for her grandmother to fall asleep and met Martinez around 1:30 a.m. When she returned to her grandmother's house, she took a shower and got back into bed with her grandmother.

Martinez contends that the cumulative effect of the discrepancies in testimony and the investigation's shortcomings mean that a rational jury could not have found beyond a reasonable doubt that Martinez committed the offense. But Martinez's argument overlooks Mary's testimony that Martinez had sexual intercourse with her while she was 13 years old. *See Arrellano v. State*, 555 S.W.3d 647, 651 (Tex.

10

App.—Houston [1st Dist.] 2018, pet. ref'd) (testimony from one eyewitness can support a conviction); *Shah v. State*, 414 S.W.3d 808, 812 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("It is well established that the testimony of a sole witness to an offense may constitute legally sufficient evidence to support a conviction."). A conviction for the aggravated sexual assault of a child is "supportable on the uncorroborated testimony of the victim of the sexual offense." *See* TEX. CODE CRIM. PROC. art. 38.07(a); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that article 38.07 "deals with the sufficiency of evidence required to sustain a conviction for" certain sexual offenses). Moreover, in convicting Martinez, the jury implicitly found Mary's testimony credible, and we defer to that credibility determination. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

That Martinez has identified possible weaknesses in the State's case is not enough; we presume the jury weighed the evidence and resolved any concerns in favor of the verdict. *Merritt*, 368 S.W.3d at 525–26 (jury is the sole judge of witness credibility and weight of evidence). Similarly, that the State did not conduct a more thorough investigation is not enough to overturn Martinez's conviction because the State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that Martinez sexually assaulted Mary. We overrule Martinez's first issue.

**Hearsay**

In his final issue, Martinez contends that the trial court should have sustained his objection to Sergeant McCloud's testimony about her review of Mary's cellphone bill showing that Martinez called her on the night of the sexual assault.

## A. Standard of Review

We review evidentiary rulings for abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses its discretion if its ruling is outside the zone of reasonable disagreement. *Id.* But even if an evidentiary ruling is erroneous, it is not a ground for reversal unless it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Substantial rights are affected if the error had a substantial and injurious influence on the judgment. *Coble*, 330 S.W.3d at 280.

## B. Analysis

"Hearsay" is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is inadmissible except as provided by statute or rule. TEX. R. EVID. 802. An out-of-court "statement" need not be directly quoted to violate the

hearsay rules. *See Head v. State*, 4 S.W.3d 258, 262 (Tex. Crim. App. 2009). Under the Texas Rules of Evidence, the statutory definition of a hearsay "statement" includes "proof of the statement whether the proof is direct or indirect." *Id.* The relevant question when the issue of back-door hearsay is raised is whether there "is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom." *Id.* at 261. Whether the conclusion is "inescapable" depends in large part on how strongly the content of the out of-court statements may be inferred from the context. *Id.*

During the testimony of Sergeant McCloud, the State asked about records of incoming calls to Mary's cellphone on the night of the sexual assault.

> [State]: You said that you didn't get [Martinez's] phone records but said you got the phone records from [Mary], right?
>
> [Sgt. McCloud]: Yes.
>
> [State]: And did you have a phone number that you knew belonged to [Mary]?
>
> [Sgt. McCloud]: Yes.
>
> [State]: And so you had a phone number you knew belonged to [Mary] and you had one that you knew belonged to [Martinez], correct?
>
> [Sgt. McCloud]: Yes.
>
> [State]: And did you see any phone calls from [Martinez]?
>
> [Sgt. McCloud]: Yes, I did.
>
> [State]: On what dates, do you remember?

[Defense Counsel]: Your Honor, I object. It's improper predicate and it's hearsay.

[Trial Court]: Overruled. You can answer that if you know.

[Sgt. McCloud]: I saw that the phone calls began on January 9th.

[State]: Do you know what time? Do you need to check your report?

[Sgt. McCloud]: Yes, please.

[State]: Just so we are clear, did you document what you observed in your report?

[Sgt. McCloud]: Yes, in regards to the phone records, yes. On January 9th, 2016, there was an incoming call at 10:30 p.m. to [Mary's] number.

[State]: Who was it associated with based off your investigation?

[Sgt. McCloud]: The phone number is associated with Allan Martinez.

Martinez asserts that Mary's cellphone record was an out-of-court statement offered to prove that a call was made from Martinez's cellphone to Mary's cellphone on January 9, 2016 at 10:30 p.m., so testimony about the cellphone record was hearsay. *See* TEX. R. EVID. 801(d). The State responds that Martinez failed to preserve any alleged error.

While the Court of Criminal Appeals has recognized that courts "should avoid splitting hairs when determining whether a claim has been procedurally defaulted," *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005), an appellant still must object whenever objectionable testimony is introduced or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). By failing to object to

14

testimony on Mary's cellphone records each time, Martinez has not preserved this issue for appeal. *See, e.g.*, *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (party must object each time inadmissible evidence is offered or obtain running objection). Even if the trial court erred, any error in admitting evidence is rendered harmless where the same evidence comes in elsewhere without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.") (quoting *Valle*, 109 S.w.3d at 509)); *In re H.Y.*, 512 S.W.3d 467, 473 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

We overrule Martinez's final issue.

## Conclusion

We affirm.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

15